UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------- x
ANTHONY BAFFO,

              Plaintiff,

   -against-

NEW YORK INSTITUTE OF
TECHNOLOGY; ROBERT RIZZUTO; in
his official and individual capacities; and
LEONARD AUBREY, in his official and
individual capacities,

             Defendants.
------------------------------------------------- x

Index No. 10-CV-01245 (LDW)(ETB)

**STIPULATION AND ORDER
FOR THE PRODUCTION
AND EXCHANGE OF
<u>CONFIDENTIAL INFORMATION</u>**

      This matter having come before the Court by stipulation of plaintiff, Anthony Baffo ("Plaintiff"), and defendants New York Institute of Technology, Robert Rizzuto, and Leonard Aubrey (collectively, "Defendants"), for the entry of an order limiting the review, copying, dissemination and filing of confidential and/or proprietary documents and information to be produced by either party and their respective counsel or by any non-party in the course of discovery in this matter to the extent set forth below; and the parties, by, between and among their respective counsel, having stipulated and agreed to the terms set forth herein, and good cause having been shown;

IT IS hereby ORDERED that:

1.   This Stipulation and Order is being entered into to facilitate the production, exchange and discovery of documents and information that the parties agree merit confidential treatment (hereinafter the "Documents" or "Testimony").

2. Any party may designate Documents produced, or Testimony given, in connection with this action as "CONFIDENTIAL," either by notation on the document, statement on the record of the deposition, written advice to the respective undersigned counsel for the parties hereto, or by other appropriate means.

3. As used herein:

   (a) "Confidential Information" shall mean all Documents and Testimony, and all information contained therein, and other information designated as confidential, if such Documents or Testimony contain trade secrets, proprietary business information, competitively sensitive information, medical information or records, financial information, tax records or other non-public information the disclosure of which would, in the good faith judgment of the party designating the material as confidential, be detrimental to the conduct of that party's business or the business of any of that party's customers or clients or that party's legitimate privacy interests.

   (b) "Producing party" shall mean the parties to this action and any third-parties producing "Confidential Information" in connection with depositions, document production or otherwise, or the party asserting the confidentiality privilege, as the case may be.

   (c) "Receiving party" shall mean the parties to this action and/or any third parties receiving "Confidential Information" in connection with depositions, document production or otherwise.

4. The Receiving party may, at any time, notify the Producing party that the Receiving party does not concur in the designation of a document or other material as Confidential

Information. If the Producing party does not agree to declassify such document or material, the Producing party may apply to the Court for a protective ruling that those documents or materials shall be designated as Confidential Information. In any such motion, the Producing party shall have the burden of establishing that the designation is appropriate. If no such motion is filed within fourteen (14) days of the Receiving party's objection, such documents or materials shall not be treated as Confidential Information. If such motion is filed, the documents or other materials shall be deemed Confidential Information unless and until the Court rules otherwise.

5. Except with the prior written consent of the Producing party or by Order of the Court, Confidential Information shall not be furnished, shown or disclosed to any person or entity except to:

(a) plaintiff or personnel of defendant actually engaged in assisting in the preparation of this action for trial or other proceeding herein and who have been advised of their obligations hereunder;

(b) counsel for the parties to this action and their associated attorneys, paralegals and other employees (including support staff) who are directly assisting such counsel in the preparation of this action for trial or other proceeding herein, are under the supervision or control of such counsel, and who have been advised by such counsel of their obligations hereunder;

(c) expert witnesses or consultants retained by the parties or their counsel in connection with this action or to give testimony with respect to the subject matter of this action at the trial of this action or other proceeding herein; provided,

however, that such Confidential Information is furnished, shown or disclosed in accordance with paragraph 7 hereof;

(d) the Court and court personnel, if filed in accordance with paragraph 11 hereof;

(e) an officer before whom a deposition is taken, including stenographic reporters and any necessary secretarial, clerical or other personnel of such officer;

(f) trial and deposition witnesses and potential witnesses whom the parties reasonably believe to be relevant to the case; and

(g) any other person agreed to by the parties.

6. Confidential Information shall be utilized by the Receiving party and its counsel only for purposes of this litigation, including any appeals or retrials, and for no other purpose, lawsuit, action or proceeding.

7. Before any disclosure of Confidential Information is made to an expert witness or consultant pursuant to paragraph 5(c) hereof, counsel for the Receiving party shall obtain and retain the expert's written agreement, in the form of the declaration attached hereto as Exhibit A, to comply with and be bound by its terms.

8. Deposition transcripts, or portions thereof, may be designated as "Confidential" by (a) making a statement to that effect on the record at the deposition, or (b) counsel's written designation of certain pages of the transcript as "Confidential" within ten (10) days of the receipt of the transcript by attorneys for both parties.

9. This Stipulation shall not preclude counsel for the parties from using during any deposition in this action any documents or information which have been designated as "Confidential Information" under the terms hereof. Provided, however, that any party

may designate any deposition testimony or exhibits as Confidential Information pursuant to paragraph 8 above.

10. The parties agree to obtain and retain a signed copy of the declaration attached as Exhibit A from any non-party witnesses and potential witnesses whom the parties reasonably believe to have information relevant to this litigation and to whom the parties have disclosed Confidential Information pursuant to paragraph 5(f) above.

11. Any document or information actually comprising or containing Confidential Information filed in any court shall be filed under seal. However, where the Confidential Information is not material to issues addressed in court submissions and the parties agree that the redaction of personal, confidential and/or identifying information would be sufficient to protect the interests of the parties or non-parties, the parties may file redacted documents without further order of the Court.

12. Any person receiving Confidential Information shall not reveal or discuss such information to or with any person not entitled to receive such information under the terms hereof.

13. Any document or information that may contain Confidential Information that has been inadvertently produced without identification as to its "confidential" nature as provided in paragraph 2 of this Stipulation and Order, may be so designated by the party asserting the confidentiality privilege by written notice to the undersigned counsel for the Receiving party identifying the document or information as "confidential" within a reasonable time following the discovery that the document or information has been produced without such designation.

14. Extracts and summaries of Confidential Information shall also be treated as confidential in accordance with the provisions of this Stipulation.

15. The production or disclosure of Confidential Information shall in no way constitute a waiver of each party's right to object to the production or disclosure of other information in this action or in any other action.

16. This Stipulation and Order is entered into without prejudice to the right of either party to seek relief from, or modification of, this Stipulation and Order or any provisions thereof by properly noticed motion to the Court or to challenge any designation of confidentiality as inappropriate under the Federal Rules of Civil Procedure or other applicable law.

17. This Stipulation and Order shall, absent prior written consent of both parties, continue to be binding after the conclusion of this litigation except (a) that there shall be no restriction on documents that are used as exhibits in Court (unless such exhibits were filed under seal); and (b) that a party may seek the written permission of the Producing party or further order of the Court with respect to dissolution or modification of the Stipulation and Order.

18. Nothing herein shall be deemed to waive any privilege or objection recognized by law, or shall be deemed an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

19. Within sixty (60) days after the final termination of this litigation by settlement or exhaustion of all appeals, all Confidential Information produced or designated and all reproductions thereof, shall be returned to the Producing Party or shall be destroyed, at the option of the Receiving Party, upon the written request of the Producing Party. Notwithstanding anything to the contrary, counsel of record for the parties may retain

copies of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Stipulation and Order shall not be interpreted in a manner that would violate any applicable cannons of ethics or codes of professional responsibility. Nothing in this Stipulation and Order shall prohibit or interfere with the ability of counsel for any party, or of experts specially retained for this case, to represent any individual, corporation, or other entity adverse to any party or its affiliate(s) in connection with any other matters.

20. This Stipulation and Order may be changed by further order of this Court, and is without prejudice to the rights of a party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

Dated: New York, New York
       October 6, 2010

| THOMPSON WIGDOR & GILLY LLP | FULBRIGHT & JAWORSKI L.L.P. |
|---|---|
| By: /s/ | By: /s/ |
| Scott B. Gilly | Neil G. Sparber |
| Gregory N. Filosa | 666 Fifth Avenue |
| 85 Fifth Avenue | New York, New York 10103 |
| New York, New York 10003 | Tel: (212) 318-3000 |
| (212) 257-6800 | Attorneys for Defendants |
| Attorneys for Plaintiff | |

So Ordered:

_____
        U.S.D.J.

## EXHIBIT "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------- x
ANTHONY BAFFO,                           :
                                         :
                    Plaintiff,           :
                                         :    Index No. 10-CV-01245 (LDW)(ETB)
          -against-                      :
                                         :
                                         :
NEW YORK INSTITUTE OF                    :
TECHNOLOGY; ROBERT RIZZUTO; in           :    **DECLARATION CONCERNING**
his official and individual capacities; and : **CONFIDENTIAL INFORMATION**
LEONARD AUBREY, in his official and      :
individual capacities,                   :
                                         :
                    Defendants.          :
---------------------------------------- x

I, _____, state that:

1.    My address is _____.

I have received a copy of the Stipulation for the Production and Exchange of Confidential Information (the "**Stipulation and Order**") entered in the above-entitled action.

2.    I have carefully read and understand the provisions of the Stipulation and Order.

3.    I will comply with all of the provisions of the Stipulation and Order.

4.    I will hold in confidence, will not disclose to anyone not qualified under the Stipulation and Order, and will use only for purposes of this action, any Confidential Information that is disclosed to me.

90147162.1                              - 8 -

5. I will return all Confidential Information that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential Information.

6. I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation and Order in this action.

Dated: _____

_____