Douglas P. Catalano
Neil G. Sparber
Fulbright & Jaworski L.L.P.
666 Fifth Avenue
New York, New York 10103
Telephone: (212) 318-3360
Fax: (212) 318-3400
dcatalano@fulbright.com
nsparber@fulbright.com

Attorneys for Defendants

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| ANTHONY BAFFO, | |
| Plaintiff, | |
| -against- | Index No. 10-CV-01245 (LDW)(ETB) |
| NEW YORK INSTITUTE OF TECHNOLOGY; ROBERT RIZZUTO; in his official and individual capacities; and LEONARD AUBREY, in his official and individual capacities, | **AFFIDAVIT OF ROBERT RIZZUTO** |
| Defendants. | |

---

STATE OF NEW YORK   )
                                       ss:
COUNTY OF NASSAU  )

ROBERT RIZZUTO, being duly sworn, deposes and says:

1. I am the Director of Dining Services for defendant New York Institute of Technology and an individual defendant in the above-captioned action. I submit this affidavit in opposition to plaintiff's motion in limine for jury instruction on destroyed evidence.

2.  Mr. Baffo's counsel took my deposition in this action over a two day period. The first day of the deposition was March 22, 2011 and the deposition continued on April 28, 2011.

3.  During my deposition, in response to questions posed by plaintiff's counsel, I testified that I believed that I had written a memorandum in August 2009 to Leonard Aubrey which referenced the elimination of Mr. Baffo's position and/or the reorganization of the de Seversky Center. I also testified that I had searched my files for this document but I had been unable to locate it and that I had asked Mr. Aubrey if he recalled a memorandum which I might have sent him in August 2009, and he told me that he did not.

4.  Since my deposition, I reviewed documents which were produced by NYIT to Mr. Baffo during discovery. I specifically reviewed a memorandum, dated September 1, 2009, from me to Mr. Aubrey concerning a recruitment authorization for the new catering sales position in which I stated that the sales position "is part of the reorganization of the management positions which will give Eric [Redlich] more support in the area of sales as he gets repositioned," that "[m]y goal is to bring this person in as soon as possible and to make the other change we spoke of effective October 1, 2009" and that "[t]he request for this position is part of a reorganization of the management staff." (emphasis added). (See Exhibit 8 annexed to the affidavit of Samantha Beltre). This memorandum relates to the reorganization of the de Seversky Center and the elimination of Mr. Baffo's position. Specifically, the "other change we spoke of" refers to the elimination of plaintiff's position which Mr. Aubrey and I had previously discussed.

5. After having reviewed the September 1, 2009 memorandum, I know that this is the memorandum to which I was referring in my deposition and which I mistakenly believed I had written sometime in August 2009.

6. I am informed by NYIT's counsel that the September 1, 2009 memorandum was produced to Mr. Baffo's counsel on or about September 8, 2010, during the normal course of discovery, over six months prior to the date of the first day of my deposition on March 22, 2011.

7. Even though Mr. Baffo's counsel presented over thirty different exhibits to me during my deposition, Mr. Baffo's counsel did not show me a copy of the September 1, 2009 memorandum and Mr. Baffo's counsel did not specifically question me about this memorandum.

8. If Mr. Baffo's counsel had shown me the September 1, 2009 memorandum during either day of my deposition I would have testified that it was, in fact, the document which I had thought I wrote in August 2009 and to which I was referring in my testimony.

_____
ROBERT RIZZUTO

Sworn before me this
31st day of May 2012

_____
Notary Public

ROSEMARY M. CRESCENZO
NOTARY PUBLIC-STATE OF NEW YORK
No. 01CR4828679
Qualified in Nassau County
Commission Expires May 31, 2015

90753725.2

- 3 -